**Opinion issued May 21, 2024**



In The

# Court of Appeals

For The

## First District of Texas

————————————

**NO. 01-22-00585-CR**

**NO. 01-22-00586-CR**

———————————

**TIKIE JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1682295 and 1682296**

---

## MEMORANDUM OPINION

After a jury trial, appellant Tikie Jones was convicted in trial court cause number 1682295 of the second-degree offense of aggravated assault of a family member (dating relationship) and in trial court cause number 1682296 of the first-degree offense of serious bodily injury of a child under 15 years of age. *See* TEX.

PENAL CODE § 22.02(a),(b), 22.04(a); TEX. FAM. CODE § 71.0021(a). Jones was sentenced to four years' confinement in the Institutions Division of the Texas Department of Criminal Justice for the aggravated assault offense and nine years' confinement in the Institutions Division of the Texas Department of Criminal Justice for the injury to a child offense, with the sentences to run concurrently.

On appeal, Jones's appointed counsel filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Jones of her right to access the record and provided her with a form motion for access to the record. Counsel further advised Jones of her right to file a pro se response to the *Anders* brief. Jones requested access to the record and filed a pro se response to counsel's briefs in each cause.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Allen C. Isbell must immediately send Jones the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).